It follows from what has been said that the order of the Appellate Division reversing the conviction of the defendant must be affirmed.

Cullen, Ch. J., Gray, O'Brien, Vann, Werner and Chase, JJ., concur.

Order affirmed.

In the Matter of the Application of Clarence H. Robbins et al., as Executors of Aaron S. Robbins, Deceased, Respondents, to Have Determined an Attorney's Lien Filed by Clarence C. Ferris, Appellant.

1. Brooklyn (City of) — Statute Creating and Laying Out Prospect Park (L. 1860, Ch. 488) — Words "Public Places" Used Therein Apply to and Include Subsequent Additions to Park. Where an act of the legislature (L. 1860, ch. 488) creating and laying out Prospect Park in the city of Brooklyn, after describing the various lands to be taken for park purposes, provided that "The said tracts, pieces and parcels of land are hereby declared to be public places," any lands added to the park in later years must be deemed to be "public places" within the same definition.

2. Attorney and Client — Validity of Lien of Attorney Retained to Obtain Compensation for Lands Condemned for Addition to Prospect Park. In a proceeding to determine the validity of an attorney's lien upon an award for lands condemned for an addition to Prospect Park in the city of Brooklyn, the attorney claimed commissions under an agreement retaining him "to take all lawful proceedings to obtain compensation for lands proposed to be taken for the opening of streets, avenues or public places through or affecting property situate in Washington Place," owned by the client, adjacent to the park, and described by block and lot numbers; the referee found that a portion of the lands mentioned in the agreement had been condemned for the park, and that the commissions of the attorney upon the award for the lands taken, if he was entitled to anything, would amount to a stated sum, but dismissed the proceeding upon the ground that the retaining agreement did not cover the condemnation proceedings in question, for the reason that the words "public places" do not describe lands taken for park purposes; upon the referee's report and the evidence taken by him, the Special Term made an order canceling the attorney's lien, which order has been affirmed by the Appellate Division. *Held*, that under the statute (L. 1860, ch. 488)

the words "public places," used in the agreement of retainer, covered and included the lands taken for park purposes; that the orders of the Appellate Division and Special Term should be reversed, and that an order be. entered sustaining the attorney's lien for the amount of commissions found by the referee.

*Matter of Robbins*, 119 App. Div. 888, reversed.

(Argued October 4, 1907; decided November 1, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 31, 1907, which affirmed an order of Special Term canceling a notice of lien filed by the appellant herein in the office of the comptroller of the city of New York upon an award made to the petitioners for lands taken by said city in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*George M. Mackellar* for appellant. Prospect Park is a public place. The retainer, therefore, covers the Willink entrance proceeding. (L. 1850, ch. 144; L. 1860, ch. 488; L. 1861, ch. 340.) The retainer is not ambiguous. (*State* v. *Canterbury*, 28 N. H. 195; *State* v. *Adams*, 51 N. H. 568; *Jones* v. *Surprise*, 64 N. H. 243; *Depas* v. *Riez*, 2 La. Ann. 30; *A. W. Co.* v. *Lewis*, 56 Ala. 514.)

*Edward H. Hawke, Jr.*, for respondents. The retainer under consideration is limited to whatever property Mr. Robbins owned at the time it was given, on Washington place, proposed to be taken by the city for opening of streets, avenues and public places through or affecting said property, and thus clearly states for what particular purposes said property is to be taken. The retainer does not refer to or include property to be taken for public parks. (L. 1901, ch., 466, § 1010; *Barney* v. *Mayor, etc.*, 59 N. Y. S. R. 459.)

EDWARD T. BARTLETT, J. In November, 1899, Aaron S. Robbins, the testator, being the owner of several pieces of property on Washington place, in the borough of Brooklyn, adjacent to the Willink entrance to Prospect Park, entered

into an agreement of retainer with Clarence C. Ferris, an attorney, as follows :

"NEW YORK, *November* 11*th*, 1899.

"I, Aaron S. Robbins, owner of premises described below, authorize Clarence C. Ferris, Esq., to take all lawful proceedings to obtain compensation for lands, buildings and rights proposed to be taken for the opening of streets, avenues and public places through or affecting property situate Washington Place. I agree to pay him for all services ten per cent of the amount awarded for damages. No other compensation whatever either for expert witness fees or for any other disbursements is to be paid by me." (Here follow block and lot numbers and the name and address of Aaron S. Robbins.)

On June 20th, 1902, the board of estimate laid out an addition to Prospect Park at the Willink entrance, and included therein a portion of the lands of Robbins described in the above agreement. Later the board of estimate directed the corporation counsel to institute proceedings to acquire title to such lands. After the appointment of commissioners a little later, Ferris on February 2nd, 1903, filed with the corporation counsel a notice of his appearance for Robbins in the proceedings. The commissioners held their first meeting in the following April, and Ferris was present and made proof of Robbins' title to the damage parcels to be taken. Prior to that meeting Ferris had filed a verified claim in behalf of Robbins. At a subsequent meeting Mr. Hawke, an attorney, appeared and claimed the right to represent Robbins. In view of this conflicting claim of the attorneys, the commissioners decided to leave the matter to Robbins, who appeared and stated that he desired Mr. Hawke to represent him. The commissioners thereupon declined to allow Ferris to act further as counsel for Robbins. Ferris then stated that he was ready and willing to proceed with further proofs in the case, and it is conceded that no question is raised by the respondents as to the failure of Ferris to act further in the premises, as he was prevented from so doing by Robbins. Pending these proceedings Robbins died.

Subsequently the commissioners made an award for the lands of Robbins and his estate taken for the addition to Prospect Park amounting to $83,055.51. Ferris filed with the comptroller of the city a notice of his lien upon the award. The executors of Robbins' estate thereupon instituted this proceeding to determine the validity of the lien, basing their application upon the affidavit of one of the executors. Ferris filed an opposing affidavit, and a referee was appointed to take testimony and report with his opinion thereon "in aid of the conscience of the court." The referee took testimony and made a report in favor of the executors of Robbins. The Special Term thereafter, upon the report of the referee and the evidence taken by him, made an order canceling the lien. On appeal the Appellate Division unanimously affirmed the order of the Special Term. From this order Ferris appeals to this court. No opinion was written below except a memorandum by the referee, which is a discussion of the facts and the law, and a finding of fact which has an important bearing upon this case.

The principal point taken by the executors in the court below was to the effect that the words in the agreement of retainer "for lands, etc., to be taken for the opening of streets, avenues and public places" do not cover lands taken for a public park. This contention is in harmony with Robbins' letter to Ferris when declining to accept his services before the commissioners, wherein he claimed that the retainer merely authorized an appearance for him in street openings which were likely to take place, and that he wished Hawke to represent him in the matter of lands taken for an addition to Prospect Park. In regard to this contention that the words "public places" do not include lands taken for a public park, the construction is narrow and unauthorized. The act creating and laying out Prospect Park (Chap. 488 of the Laws of 1860) states in section one, after describing the various lands to be taken for park purposes, as follows: "The said tracts, pieces and parcels of land are hereby declared to be public places." If the lands originally taken were in technical phrase "public

places," it follows that any addition in later years would be embraced within the same definition.

It being clear that the agreement of retainer does cover lands taken belonging to Robbins or his estate, which were located on Washington place, for laying out an addition to Prospect Park at the Willink entrance, it becomes necessary to consider the effect of a stipulation entered into by counsel for the executors in the proceeding before the referee, which is as follows: " Now, we make no question about the right of Mr. Ferris to recover if the retainer covers the proceedings and is broad enough in its scope to include property condemned by the city for park purposes and for a public place; we make no question that Mr. Ferris had rendered no service, because we admit that he was prevented from so doing by Mr. Robbins. The sole question, as I understand it and as I believe it is, is to have the referee determine whether or not the retainer in its scope, taking it altogether, considering the block numbers and the lot numbers and the phraseology of the retainer itself, whether it covers the proceedings for the opening of an addition to Prospect Park — the Willink Entrance.

" The Referee: And if he is entitled to recover this precise sum would accrue?

" Mr. Hawke: Yes. *First*, does it apply to the Willink Park Entrance proceeding, where land was taken for park purposes; *second*, if it does apply, is not the retainer limited to the lot and block numbers specified or designated on the face of it, and does it not exclude all other property; *thirdly*, does it apply to property situate other than on Washington Place?"

It was further stipulated by counsel for the executors as follows: " I will stipulate that the total award in the matter of the Willink proceeding paid to the estate of Aaron S. Robbins was the sum of $83,055.51, and that ten per cent thereof, which Mr. Ferris has claimed, amounts to $8,305.55, and that the award was made for all of the parcels shown upon the damage map, Exhibit 1, in lump, no separate award being made for the separate parcels."

The order of the Appellate Division being unanimous, the finding of fact by the referee is controlling as to the amount of recovery in this case by Ferris, if he is entitled to recover anything. The learned referee states: "I am inclined to believe the testimony of the respondent's clerk" (Ferris's clerk) "to the effect that the retainer was made with reference to map then before both parties, in which the three aggregate damage parcels were together designated as lot 2, block 299, and that, therefore, the retainer was made, so intending. And although the respondent should have known of this existing 'mapped street,' and that, therefore, such designation was erroneous and not in accordance with the city map, yet, on this issue, I report in his favor, because, believing the clerk's testimony, I must so interpret the intention of both parties. On the basis of such a finding the amount for which the respondent would be entitled to maintain his lien is $6,400.00. I have felt constrained to make this finding so that in case the court should deny the petitioner's motion, but should sustain the view above expressed, it may not be necessary to take up anew the question of the proper amount of the respondent's claim. I have done this, notwithstanding the fact that, in my opinion, the respondent must fail wholly on the main question presented by the motion. I do not think that the retaining agreement either in terms or in intent covers the particular condemnation proceeding involved herein."

It will be observed that the referee expressly found that the agreement of retainer was made with reference to the map before the parties, in which the three aggregate damage parcels were together designated as lot 2, block 299, and that, therefore, the retainer was made in reference to the same. In setting forth in the opening of this opinion the agreement of retainer it is stated that it contained lot and block numbers, but the same are not quoted. The fact is that lot 2, block 299, is expressly referred to in said agreement of retainer.

We thus have a finding of the referee that a portion of the lands described in the agreement of retainer were taken for

the addition to Prospect Park, and that Ferris's commissions thereon at ten per cent would be $6,400.00. The referee evidently was of opinion when he states that the retaining agreement does not cover the condemnation proceedings, that the words " public places " do not describe lands taken for park purposes. These lands were taken from Washington place and named in the agreement of retainer, thereby showing conclusively that this particular addition to Prospect Park must have been in the minds of Robbins and Ferris.

Assuming, as we must, that the agreement of retainer applied to this addition to Prospect Park, it follows that the referee having found that a portion of the lands of Robbins mentioned in said agreement were taken in this proceeding, and that the amount of Ferris's commissions thereon is $6,400.00, he is entitled to recover that amount, with interest from December 8th, 1905, that being the day the award became payable to the estate of Robbins.

The orders of the Appellate Division and Special Term should be reversed, with costs, and an order entered sustaining the lien of Clarence C. Ferris in part, and directing the executors of Aaron S. Robbins, deceased, to pay to him the sum of $6,400.00, with interest from December 8th, 1905.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.